UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
MARKLAND GRANT,                    :
                                   :   Civil Action No. 05-436(RBK)
            Petitioner,            :
                                   :
       v.                          :   OPINION
                                   :
BETTY LOU SOCHOCKY, et al.,        :
                                   :
            Respondents.           :
```

**APPEARANCES:**

    MARKLAND GRANT, Petitioner pro se
    #512294/#6
    Central Reception and Assignment Facility
    Unit E-1-B
    5060 Atlantic Avenue, P.O. Box 7450
    West Trenton, New Jersey 08628

**KUGLER**, District Judge

This matter is before the Court on petitioner Markland Grant's petition for habeas corpus relief under 28 U.S.C. § 2254.

I. BACKGROUND

According to the allegations contained in the petition, petitioner, Keith M. Grant ("Grant"), is presently confined pursuant to a probation violation for which he was charged on March 31, 2004. He claims that he has not had a hearing and has maxed out on his term of probation. On January 31, 2005, the Court received a letter from Grant amending his petition. Grant states that a violation of probation hearing was held on January 25, 2005 before the Honorable James Isman, J.S.C. Grant was sentenced to four years in prison. Grant claims that his right

to due process under the Fourteenth Amendment was violated because he was sentenced to a term after he had maxed out on his original sentence.[1]  He also alleges that the violation of probation hearing was conducted without his attorney, his probation officer or anyone from the probation board present.  He seeks immediate release from jail.

The petition states that Grant did not appeal his original conviction or sentence.  Nor has he sought collateral review with respect to the original sentence.  (Pet., ¶¶ 8-11).  However, it is clear from the allegations in his petition and amended petition that Grant is challenging his imprisonment on the violations of probation charge for so long without a hearing, and his recent sentence of four years in prison.

Grant attaches to his federal habeas petition copies of letters related to the violation of probation charges.  These attachments indicate that at the time Grant originally filed his federal habeas petition, on or about January 20, 2005, his state court proceedings were still ongoing.

---

[1]  Grant was originally convicted on January 31, 2003, on a narcotics violation, in the Superior Court of New Jersey, Law Division, Atlantic County, in Mays Landing, New Jersey.  He pled guilty and received a two year sentence.

II. ANALYSIS

A. Pro Se Pleading

Grant brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B. Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[2]  28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532

---

[2] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any

available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Grant has failed to exhaust his state court remedies with respect to his recent conviction on the probation violation charge.  He admits that he never appealed his original sentence imposed on January 31, 2003.  He also states that he was not sentenced on the probation violation charge until his hearing of January 25, 2005.  Therefore, it is plainly obvious that the claims asserted in Grant's petition and amended petition were never actually

raised or fairly presented for state court review.  Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

In addition, there is no indication from the petition that Grant's non-exhaustion of state court remedies should be excused.  Grant has not shown that there is an absence of available state process with respect to his unexhausted claims.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at 987.  Thus, as a matter of comity, it is best left to the New Jersey courts to determine if they can still entertain Grant's unexhausted claims.  District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits.  Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989.  Here, no state court has concluded that Grant is procedurally barred from raising his unexhausted claims.  In fact, at the time Grant filed his federal habeas petition, his sentence had just been imposed, so it is unlikely that he would be procedurally barred from raising his claims on direct appeal in state court.  Therefore, this Court is

not prepared to presume that the claims in this petition would necessarily be barred from state court review.

Moreover, Grant alleges no facts suggesting that state procedures are in effect unavailable to him.  He clearly has never attempted to seek state court review on his claims, and, as noted above, it is apparent from the recent date of sentencing that Grant is not procedurally barred from state court review of his claims.  Accordingly, the petition will be dismissed for failure to exhaust state court remedies.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV.   CONCLUSION

For the foregoing reasons, this Court finds that Grant has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The Court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as Grant has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge
DATED: July 11, 2005

8